**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VIRGINIA LEE and DEAF SERVICE**
**CENTER OF LAKE AND SUMTER**
**COUNTY, INC.,**

        **Plaintiff,**

**-vs-**                  **Case No. 6:09-cv-671-Orl-28GJK**

**MICHEL HABASHY, M.D., P.A.,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**  MOTION TO STRIKE (Doc. No. 16)
>
> **FILED:**   June 15, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

On April 16, 2009, Virginia Lee ("Lee") and Deaf Service Center of Lake and Sumter County, Inc. ("DSC") (collectively, the "Plaintiffs") filed a complaint (the "Complaint") against Michel Hashaby M.D., P.A. (the "Defendant") alleging violations of the Americans with Disabilities Act, Title III, 42 U.S.C. § 12181 (the "ADA") and the Rehabilitation Act, 29 U.S.C. § 794, Section 504 (the "RA"). Doc. No. 1. On June 8, 2009, Defendant filed its

Answer and Affirmative Defenses (the "Affirmative Defenses").  Doc. No. 15.  On June 15, 2009, Plaintiffs filed the present Motion to Strike (the "Motion").  Doc. No. 16.  On June 30, 2009, Defendant filed its response ("Response") in opposition to the Motion. Doc. No. 18.  The Motion is now before the Court.

Plaintiff's Complaint asserts two causes of action against Defendant.  Doc. No. 1.  In Count I, Plaintiff alleges the Defendant "violated Title III of the ADA and its implementing regulation which prohibit discrimination on the basis of disability by places of public accommodation."  Doc. No. 1 at ¶ 19.  In Count II, Plaintiff alleges the Defendant violated the RA by:  1) denying a qualified handicapped person the benefits and services of its practice; 2) failing to afford a qualified handicapped person an opportunity to receive benefits or services that are equal to that offered non-handicapped person; 3) failing to provide a qualified handicapped person with benefits or services that are as effective as the benefits or services provided to others; 4) providing benefits or services in a manner that limited or has the effect of limiting participation of qualified handicapped persons; and 5) excluding Plaintiff from his practice solely based upon her disability.  *Id.* at ¶ 30.  Plaintiff alleges Defendant acted intentionally or with deliberate indifference to Plaintiff's fundamental and protected rights. *Id.* at ¶ 32.  Plaintiff alleges that as a result of Defendant's conduct, Plaintiff has suffered and continues to suffer severe emotional distress and damages.  *Id.* at ¶ 33.

In its response to the Complaint, Defendant asserts fifteen affirmative defenses and provides a "General Factual Background Applicable to Affirmative Defenses" (herein, the "Factual Background"). Doc. No. 15. The Factual Background states:

1. Dr. Michel Habashy ["Doctor Habashy"] is a sole practitioner and the sole owner of Defendant.

> . . .
> 4. [He] has not sought to obtain or maintain hospital privileges or join a group of physicians because [he] wishes to maintain the freedom to choose how he practices medicine, which patients he accepts or declines, and how his business is run.
> . . .
> 6. [His] selection process has nothing to do with discrimination against Plaintiff Lee or any other patient, and everything to do with freedom.
> . . .
> 8. Plaintiff Lee called Dr. Habashy knowing full well that another Endocrinologist was located closer to Plaintiff, and sought to trick and/or trap Dr. Habashy into making statements that he might be twisted and contorted such that Plaintiff's attorney might make out a claim of discrimination against Dr. Habashy where there was none.
> . . .
> 10. Dr. Habashy did not refuse to cooperate with an interpreter, or pay for the services of an interpreter.
>
> 11. Dr. Habashy operates a small office and has a busy practice, and it was reasonable for him to ask why he was responsible for contacting the Deaf Service Center to arrange for the service of an interpreter.
> . . .
> 12. Plaintiff Lee could have easily arranged for an interpreter and asked Defendant and/or Dr. Habashy to pay for it, but she did not.
>
> 14. Instead, Plaintiff Lee set Defendant and/or Dr. Habashy up for a "shakedown lawsuit," one of hundreds in Florida that have been filed under the ADA and/or the [RA] by the attorney for Plaintiff Lee and other such attorneys who purport to represent the injured. The real injury, however, is to Dr. Habashy and to other legitimate victims of discrimination under the ADA and/or [RA].
> . . .

*Id.* at 4-6. The Factual Background and the following five affirmative defenses are relevant to the pending Motion:

1. First Affirmative Defense – To the extent Plaintiff seeks to recover monetary relief under Count I due to alleged "shame, anxiety, emotional distress and discrimination" and "unnecessary pain and suffering," Plaintiff's claim is barred because only injunctive relief is available under the ADA. Otherwise, Plaintiff's allegations of shame, anxiety,

emotional distress, and/or pain and suffering must be stricken as to Count I because they are irrelevant, impertinent or immaterial. Doc. No. 15 at 6.

2. Third Affirmative Defense – "Plaintiffs' claims are barred by the statute of limitations." *Id.*

3. Twelfth Affirmative Defense – "The goods and services offered by Defendant are available from alternative providers that are closer in proximity to Plaintiff Lee." *Id.* at 8.

4. Fourteenth Affirmative Defense – "Plaintiffs failed to exhaust all administrative remedies." *Id.*

5. Fifteenth Affirmative Defense – "The discriminatory claims alleged by Plaintiffs are a mere pretext for the underlying purpose of this action, which is to obtain attorneys' fees for the attorneys employed by Plaintiffs. Plaintiffs have therefore filed this lawsuit for an improper purpose and are not entitled to the relief sought in the Complaint." *Id.*

## II. THE MOTION

In the Motion, Plaintiffs seek an order striking the Factual Background and five aforementioned affirmative defenses as redundant, immaterial, impertinent, or scandalous. Doc. No. 16. Plaintiffs state: "There is nothing relevant whatsoever in the Defendant's [Factual Background][.]" *Id.* at 3. Plaintiffs maintain that paragraphs one through seven are immaterial and paragraphs eight through fifteen accuse Plaintiffs and their counsel of "setting up lawsuits". *Id.* Plaintiffs state: "There is completely no basis in this allegation as the Plaintiffs in this matter have never been parties in any other lawsuit filed under the [ADA] or the [RA]." *Id.* at 3-4.

As to Defendant's First Affirmative Defense, Plaintiffs state there are no claims for monetary relief in Count I, and therefore, the defense is legally irrelevant. *Id.* at 5. Plaintiffs

maintain the Third Affirmative Defense is legally insufficient because Defendant admitted that the events occurred in 2006, there is a four year statute of limitations under the ADA and RA and the state's four year statute of limitation for personal injury lawsuits applies to a federal disability claim. *Id.* (citing *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998)). Plaintiffs state that the Twelfth Affirmative Defense that Plaintiffs may engage the services of another entity that does not discriminate is not a defense to a discrimination action. Doc. No. 16 at 5. As to the Fourteenth Affirmative Defense, Plaintiffs state there is no requirement to exhaust administrative remedies prior to asserting the claims at issue in this case. *Id.* (citing *Association of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 (11th Cir. 2006) ("[w]e stress that pre-suit notice is not required to commence suit under the ADA")). Finally, with respect to the Fifteenth Affirmative Defense (*see above* at p. 3), Plaintiffs state that it should be stricken as scandalous and irrelevant. Doc. No. 16 at 5.

On June 30, 2009, Defendant filed a response in opposition ("Response") to the Motion. Doc. No. 18. In the Response, the Defendant concedes that its Third Affirmative Defense cannot be sustained. *Id.* at 5. The Defendant requests that the Court deny the Motion in its entirety and permit the Defendant to withdraw its Third Affirmative Defense. *Id.* at 7.

**III.    THE LAW**

Rule 12(f), Federal Rules of Civil Procedure governs the sufficiency of affirmative defenses. *Id.* Pursuant to Fed.R.Civ.P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* Courts generally disfavor motions to strike. *Ayers v. Consolidated Construction Services of SW Florida, Inc.*, 2007 WL

5

4181910 *1 (M.D.Fla.2007).[1]  A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (2002). Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed.R.Civ.P. 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D.Fla.2006).

Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. Rather, the pleading "need only give fair notice of the . . . defense so that opposing parties may respond, undertake discovery and prepare for trial." WILLIAM W. SCHWARZER ET AL, FED. CIVIL PROCEDURE BEFORE TRIAL § 8:16 (2005) (citing *Conley v. Gibson,* 355 U.S. 41, 47-48 (1957)). Thus, for example, the statement: "This claim is barred by the statute of limitations," gives fair notice of the defense and meets Rule 8 pleading requirements. *See Daingerfield Island Protective Soc. v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994). To give fair notice of the defense, however, a party should identify the claim to which the defense applies. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001) (criticizing "shotgun" pleading of affirmative defenses that do not specify the claim to which the defense is directed); *Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366-

---

[1] Pursuant to the Eleventh Circuit Rules, unpublished opinions are merely persuasive authority. 11th Cir. R. 36-2.

67 (11th Cir. 1996) (same). An affirmative defense that simply contains conclusory allegations is improper. *Microsoft*, 211 F.R.D. at 684. An affirmative defense must be stricken if it provides no more than a bare bones conclusory allegation. *Id*.

## IV. ANALYSIS

In Defendant's Factual Background, paragraph six on page four states: "[His] selection process has nothing to do with discrimination against Plaintiff Lee or any other patient, and everything to do with freedom." Doc. No. 15 at 4 (*see above*, p. 3). This statement relates to the second and fourth affirmative defenses, which the Plaintiff does not seek to strike. Doc. No. 15 at 6-7.[2] Specifically, the statement bears on the Second and Fourth Affirmative Defenses that Defendant did not act with malice or deliberate indifference, but rather, in good faith. *Id.* With exception to that statement, Defendant's Factual Background is immaterial, impertinent, and improper. It contains mere conclusory allegations which are totally unrelated to the merits of the claims and defenses at issue in this case. Thus, it is recommended that the Factual Background be stricken in its entirety with exception to paragraph six on page four.

Defendant's First Affirmative Defense alleges that to the extent Plaintiffs seek to recover monetary relief under Count I, the claim is barred because only injunctive relief is available under the ADA. Plaintiffs state there are no claims for monetary relief in Count I, and therefore, the defense is legally irrelevant. Doc. No. 16 at 5. However, the First Affirmative Defense is applicable to the Plaintiffs' Complaint because Count I seeks "any and all other relief that may

---

[2] Second Affirmative Defense states: "Plaintiffs' allegations that Plaintiff Lee experienced shame, anxiety, emotional distress, and/or pain and suffering fail to state a claim for monetary relief under the Rehabilitation Act because Plaintiffs have failed to allege or show that the violation resulted from malice or deliberate indifference to Plaintiffs' rights by Defendant. Doc. No. 15 at 6. Fourth Affirmative Defense states: "Defendant was not required to accept Plaintiff Lee as a patient, and refused to do so in good faith." *Id.* at 7.

be necessary and appropriate" which could pertain to monetary relief. Thus, the First Affirmative Defense should not be stricken.

Defendant seeks to withdraw its Third Affirmative Defense, and the Court recommends that this request be granted. Defendant's Twelfth Affirmative Defense, which alleges that the goods and services offered by Defendant are available from alternative providers that are closer in proximity", is improper because it is not an affirmative defense. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) ("[A] defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense.").

The Fourteenth Affirmative states that Plaintiffs failed to exhaust all administration remedies. Doc. No. 15 at 6. Although the ADA does not require pre-suit notice, Defendant may assert a defense that other administrative remedies were available but not exhausted. *Association of Disabled Am.*, 469 F.3d at 1360 ("a district court may consider whether the plaintiff's failure to ask for or to accept voluntary compliance prior to suit indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense."). Thus, the Fourteenth Affirmative Defense should not be stricken. Finally, the Fifteenth Affirmative Defense, which alleges that the lawsuit was filed for an improper purpose, should be stricken as immaterial and scandalous because it is unrelated to the merits of the claims and defenses at issue in this case. Therefore, the Factual Background with the aforementioned exclusion, the Twelfth Affirmative Defense and the Fifteenth Affirmative Defense should be stricken. The Third Affirmative Defense should be withdrawn, and the First and Fourteenth Affirmative Defenses should remain.

**IV. CONCLUSION.**

For the foregoing reasons, it is RECOMMENDED that:

1. The Motion be GRANTED as to the Factual Background <u>with exception to paragraph six on page four</u>, and as to the Twelfth and the Fifteenth Affirmative Defenses;

2. Defendant's Third Affirmative Defense is withdrawn; and

3. The Motion is otherwise DENIED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended at Orlando, Florida on September 30, 2009.


Copies to:
Presiding District Judge
Counsel of Record

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE